UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

---

NEAL JOHNSON, Personal Representative of

the ESTATE OF DUANE S. JOHNSON                    COMPLAINT

        Plaintiff,                              Civil Action No. _____

vs.

THE UNITED STATES OF AMERICA,

        Defendant

---

## COMPLAINT

      COMES NOW the Plaintiff, Neal Johnson, as Personal Representative of the Estate of Duane S. Johnson, and for his Complaint against the Defendant, the United States of America, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 USC §§ 2671 et seq., and the Court has jurisdiction pursuant to 28 USC § 1332, 1346[b], 1367 and 2671 - 2680.

2. Prior to the commencement of this action, pursuant to the Federal Tort Claims Act on June 17, 2021, Plaintiff presented a written claim to the United States Department of Veterans Affairs.

3. The Department of Veterans Affairs has failed to make a final disposition of this claim within six months after it was filed.  As

such, the claimant deems this a final denial of the claim under 28 USC § 2675.

4.   This suit is commenced within the required time period after such deemed denial.

5.   Plaintiff has complied with all conditions precedent in the Federal Tort Claims Act for filing the above captioned lawsuit against Defendant.

6.   That Neal Johnson is the father of Duane S. Johnson, Deceased, and is a resident of Gering, Scotts Bluff County, Nebraska.

7.   That on October 6, 2020, Neal Johnson was appointed Personal Representative of the Estate of Duane S. Johnson by the County Court of Scotts Bluff County, Nebraska.

8.   The events leading to this action occurred at the Scottsbluff, Nebraska Veterans Administration Medical Center ("VAMC"), located in Scottsbluff, Scotts Bluff County, Nebraska.

9.   The Defendant is the sovereign government.

10.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## BACKGROUND

11.   The Plaintiff's decedent Duane S. Johnson (hereinafter "Duane Johnson") was a member of the United States Armed Forces.

12.   At all times mentioned herein, the Defendant owned, operated, and or maintained the Panhandle of Nebraska CBOC in Scottsbluff, Nebraska which was operated by agents, servants and/or employees of the Defendant.

13.     In the summer of 2019, Duane S. Johnson was experiencing psychological distress.  His father, Neal Johnson, contacted the Veteran's Crisis Hotline – 1-800-273-8255 on June 28, 2019 to advise them that his son, Duane S. Johnson, was suicidal.  At that time, personnel with the National Hotline spoke to Duane and Duane indicated he would get help.

14.     On approximately June 30, 2019, Duane S. Johnson contacted the Panhandle of Nebraska CBOC and made an appointment to meet with VA's counselor, Brian Ring, on July 10, 2019.  Unfortunately, Duane S. Johnson committed suicide on July 9, 2019 before the appointment occurred.

## COUNT 1

15.     That the Defendant was negligent in one or more of the following particulars:

    i.    Defendant failed to have in place appropriate policies and procedures regarding effective triage and communication regarding suicidal veterans.

    ii.   The Defendant failed to have adequate policies and procedures in place regarding adequately training its agents working at the Scottsbluff VA C-BOT regarding appropriate triage of veterans who are new to the mental health VA system seeking mental health, and the proper assessment of these veterans within a timely manner.

    iii.  Defendant did not have appropriate policies and procedures in place to identify veterans at risk for suicide and the

3

performance of proper evaluations and assessments of
veterans at risk for suicide.

    iv.    In failing to identify Duane S. Johnson, Deceased as a
patient at risk for suicide;

    v.    In failing to perform a proper and thorough evaluation and
assessment of Duane S. Johnson, Deceased and his history,
and clinical presentation, and failed to appropriately triage
Duane Johnson's mental condition and schedule a timely
appointment and timely provide appropriate treatment.

    vi.    In failing to properly address and care for Duane S.
Johnson, Deceased's mental health;

    vii.    In violating the applicable standard of care to act as an
ordinary and prudent health care provider under the same
or similar circumstances during the treatment of Decedent,
Duane S. Johnson; and

    viii.    Were otherwise negligent in a manner not presently known
to Plaintiff.

16. The Veteran Administration performed an investigation and found
that the allegations in Paragraph 13 above were, in part, true. The
Veteran Administration subsequentially changed its standard
operating procedures to help avoid tragedies as occurred with
Duane S. Johnson.

17. That as a direct and proximate result of the negligence of the
Defendant, Duane S. Johnson, Deceased, committed suicide on
July 9, 2019.

18. That at the time of his death, Duane S. Johnson was thirty (30)
years of age with a date of birth of March 17, 1989.

19.     That Duane S. Johnson's death has caused his next of kin to
        sustain past and future loss of comfort, compassion, services,
        earnings, contributions, counseling, advice, love and such other
        rights and pecuniary value which attend immediate familial
        relationships.

WHEREFORE, Plaintiff prays for judgment on his Cause of Action
against the Defendant for such damages that a Judge determines to be fair and
reasonable, together with prejudgment interest, costs, and for such other relief as
the Court deems just proper.

<u>CERTIFICATION AND CLOSING</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to
the best of my knowledge, information and belief that this complaint: (1) is not
being presented for an improper purpose, such as to harass, cause unnecessary
delay, or needlessly increase the cost of litigation; (2) is supported by existing law
or by a nonfrivolous argument for extending, modifying, or reversing existing
law; (3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable opportunity for
further investigation or discovery; and (4) the complaint otherwise complies with
the requirement of Rule 11.

Dated this 14th day of June, 2022

NEAL JOHNSON, Personal Representative
of the ESTATE OF DUANE S. JOHNSON,
Plaintiff

By:   /s/   Jerald L. Ostdiek
    One of His Attorneys
    Jerald L. Ostdiek, #19863
    DOUGLAS, KELLY, OSTDIEK,
    SNYDER, OSSIAN and VOGL, P.C.
    105 E. 16th Street – P.O. Box 419
    Scottsbluff, NE  69361-0419
    Telephone: (308) 632-7191
    Fax: (308) 635-1387
    e-mail: jostdiek@scottsblufflaw.com